UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEITH EDWARD DICKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14CV0011 SNLJ |
| | ) | |
| GINA COOK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Keith Dicks for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. [Doc. #4]

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deprivations of his Fifth Amendment right to be free from self-incrimination. Plaintiff also appears to be asserting that he was unlawfully terminated in violation of his rights under § 1983. In addition, plaintiff asserts that defendants violated his rights under *Garrity v. New Jersey*, 385 U.S. 493 (1967).

Named as defendants are three employees of the Missouri Department of Corrections, Division of Probation and Parole: Caroline Coulter, Attorney; Gina Cook, Investigator; Michael Lawzano; Supervisor. Plaintiff seeks monetary and injunctive relief. Plaintiff names defendants in their individual capacities only.

Plaintiff alleges that he formerly worked for the Missouri Department of Corrections, Division of Probation and Parole, as a Probation and Parole Assistant. Plaintiff says he was falsely accused of giving tobacco to a minor in the institution he was working at in Poplar Bluff,

1

Missouri. Plaintiff asserts that he was informed that he was the subject of an investigation by defendant Cook regarding the alleged incident. Plaintiff states that prior to the start of the inquiry he was informed by defendant Cook that he was required to answer questions related to the investigation or he would face disciplinary action up to and including termination from employment. He claims that he was told that the investigation was administrative in nature and that nothing learned from this investigation could be used in criminal proceedings.

Plaintiff states that despite denying the incident, Cook told him that she had a video that showed him dropping a cigarette on the floor in front of a minor resident, after which time the resident slid down the wall and picked it up. Plaintiff claims that although he was never shown the video he was placed on administrative leave and eventually his employment was terminated. Plaintiff appealed the decision to the Missouri Board of Appeals and filed for unemployment benefits.

Plaintiff alleges that three days before the hearing in front of the Missouri Board of Appeals he received a large package of documents from defendant Coulter. Plaintiff says that one of the documents informed him that the investigation into the allegations that he had provided tobacco to a minor was actually criminal in nature and that the evidence supported a finding that plaintiff had committed a crime. Plaintiff claims that the documents further informed him that the case was referred for criminal prosecution. Plaintiff states he never gave any evidence in a criminal matter, and that the video actually exonerated him. He asserts that Coulter's response to his statement that his rights had been violated was that it "didn't matter" because he had "admitted the offense."[1] Plaintiff denies her statement.

---

[1] Plaintiff brought a prior action relating to the same allegations in this Court, *see Dicks v.*

Plaintiff says defendant Coulter did finally read him the *Garrity*[2] warning before questioning him at the appeal hearing.

**Discussion**

On May 21, 2014, plaintiff paid the full amount of the filing fee in this case. As such, plaintiff's motion to proceed in forma pauperis will be denied, as moot. Moreover, because plaintiff has paid the full amount of the filing fee he will be solely responsible for effectuating service of process in this action. Although defendants are employees of the State of Missouri, he has named them in their individual capacities and they should be personally served with process in compliance with Fed.R.Civ.P.4.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with summons so that he may effectuate service on defendants in this action.

Dated this  30th day of May, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

*McSwain*, 1:12CV100 SNLJ (E.D.Mo.), and the Court takes judicial notice of the allegations contained in that action.
[2]*Garrity v. New Jersey*, 385 U.S. 493 (1967) (the Fifth Amendment prohibits public employers from requiring public employees to either forfeit their jobs or incriminate themselves).